**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES KEARY and PENNIE
KEARY,

      Plaintiffs,                      CIVIL ACTION NO. 11-CV-15133

   vs.                               DISTRICT JUDGE MARK A. GOLDSMITH

                                   MAGISTRATE JUDGE MONA K. MAJZOUB

U.S. BANK NATIONAL ASSOC.
ND,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

This case ("*Keary I*") is a companion case to *Keary, et al. v. U.S. Bank Nat'l Assoc., ND,* No. 12-15359 (E.D. Mich) ("*Keary II*").  Before the Court is Plaintiffs' Amended Motion Pursuant to Rule 60(b) Federal Rules of Civil Procedure Relief of Judgment Order Striking Plaintiffs' Amended Complaint and Denying as Procedurally Improper Plaintiff's Motion for Relief From Judgment and Moves In Reconsideration of the Order Dated 07-01-2013 for Relief.[1]  (Docket no. 17.)  Defendant filed a Response (docket no. 22), and Plaintiffs filed a Reply (docket no. 24).  The Motion has been referred to the undersigned for consideration under 28 U.S.C. § 636(b)(1)(B).  (Docket nos. 18.)  The undersigned has reviewed the pleadings, dispenses with a hearing, and issues this report and

---

[1]On the same day that this Motion was filed, the clerk's office also filed an identical motion as docket entry number 20 in this matter.  Because these Motions are identical, the undersigned will recommend striking docket no. 20 as a duplicate filing.

recommendation.[2]

## I. Recommendation

For the reasons that follow, the undersigned recommends DENYING Plaintiffs' Motion (docket no. 17). The undersigned further recommends striking Plaintiffs' identical Motion (docket no. 20) as a duplicate filing. Therefore, the undersigned recommends dismissing this matter in its entirety.

## II. Report

### A. Procedural History

Plaintiffs James and Pennie Keary filed their initial complaint in this matter, *Keary I,* against Defendant U.S. Bank alleging breach of contract, fraud, and statutory violations related to a mortgage dispute regarding the Kearys' residential property located at 58402 Meadow Place, Washington, Michigan. (Docket no. 1.) On January 6, 2012, U.S. Bank filed a Motion for Summary Judgment. (Docket no. 9.) The Kearys were represented by attorney Douglas McKinney, but they never responded to U.S. Bank's Motion, so the Court issued an Order to Show Cause. (Docket no. 13.) The Kearys failed to respond to the Order, and on March 13, 2012, the Court dismissed their Complaint, with prejudice, for failure to prosecute. (Docket no. 16.)

On December 6, 2012, Plaintiffs filed their *pro se* Complaint in *Keary II*, raising (what appear to be) the same claims as those raised in *Keary I*. Plaintiffs were joined in their second complaint by Dwight Bennett, whom Plaintiffs indicated had been assigned 50% of their claims. *Keary II,* docket no. 1. Additionally, Plaintiffs added First Mountain Properties, LLC ("First

---

[2]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

Mountain") as a defendant alleging that U.S. Bank had transferred its interest in the subject property to First Mountain. *Id.*

Twelve days after Plaintiffs filed their Complaint in *Keary II*, the Court *sua sponte* dismissed *Keary II* because (1) Plaintiffs' claims against U.S. Bank were barred by *res judicata*, and (2) Plaintiffs failed to state a claim against First Mountain. *Keary II*, docket no. 3. On January 7, 2013, Plaintiffs filed nine documents with the Court, including a Rule 60 Motion. *Keary II*, docket no. 7. Plaintiffs filed an Amended Rule 60 Motion on March 26, 2013. *Keary II*, docket no. 19.

On June 6, 2013, the Court entered an Order denying Plaintiffs' Rule 60 Motion because it was procedurally defective; Plaintiffs had sought relief from the judgment against them in *Keary I* by filing a Motion for relief in *Keary II*. *Keary II*, docket no. 28. On June 26, 2013, Plaintiffs filed an Amended Motion Pursuant to Rule 60 in *Keary II*. *Keary II*, docket no. 30. Again, on July 1, 2013, the Court denied Plaintiffs' Motion as procedurally deficient and explained that "should Plaintiffs wish to attack the judgment entered in case number 11-CV-15133, as it appears they are attempting to do, they must file their motion on the docket sheet of that case and not on the docket sheet of the present case." *Keary II*, docket no. 32 at 1. The Court also noted as follows:

> Plaintiffs have inquired with the Court's case manager as to the deadline by which they must file their motion for relief from judgment. Plaintiffs are advised that the filing deadline governing motions for relief from judgment is set forth in the applicable Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 60. By granting leave to file the motion, the Court *does not extend or modify any deadline established by the Federal Rules of Civil Procedure or other provision of law*.

*Id.* at 1-2 n.1 (emphasis added). On July 9, 2013, Plaintiffs filed the instant Motion. (Docket no. 17.)

### B.     Plaintiffs' Rule 60 Motion

Like their Motion in *Keary II*, Plaintiffs' instant Motion is extremely convoluted and almost

incomprehensible with regard to any possible legal arguments. (*See* docket no. 17.) What is clear, however, is that Plaintiffs assert that their original attorney in this matter, Douglas McKinney, was at fault for Plaintiffs' failure to respond to U.S. Bank's Motion for Summary Judgment and the Court's Order to Show Cause. (*See, generally*, docket no. 17.) Plaintiffs assert that McKinney never informed them that there were motions or orders pending and that he did not even inform them that the case had been dismissed. (*Id.*) Plaintiffs further assert that they "made several attempts to contact Mr. McKinney [and that he] failed to return [their] calls." (*Id.* at 6.) Plaintiffs, therefore, ask the Court for "Relief from the Judgment and Order of Dismissal" in this matter.[3] (*Id.* at 2.)

**C.    Analysis**

Rule 60(b) of the Federal Rules of Civil Procedure allows the court, upon motion, to relieve a party from a final judgment or order for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

---

[3]As noted by Defendant, Plaintiffs also appear to now ask for relief from the judgment entered on July 1, 2013–the Court's dismissal of their Motion in *Keary II*. (*See* docket no. 17 at 1-2.) Such a request, however, would be procedurally deficient for the same reason that their Motion in *Keary II* was deficient. Nevertheless, the Court need not address this request because Plaintiffs' Motion in *Keary II* sought the same relief as the instant Motion.

Fed. R. Civ. P. 60(b). Plaintiffs do not specifically indicate under which subsection their Motion arises, but by its nature, it must arise under either subsection 60(b)(1) or 60(b)(6).[4]

### 1. Plaintiffs' Motion under Fed. R. Civ. P. 60(b)(1)

A court may grant relief under Rule 60(b) "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir.2002) (citation omitted). Such a motion, however, "must be made . . . no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60 (c)(1). The Order of Dismissal from which Plaintiffs seek relief was entered by the Court on March 22, 2012. (Docket no. 16.) Thus, to be timely, Plaintiffs were required to file their Rule 60 Motion no later than March 22, 2013.

Plaintiffs filed their first Rule 60 Motion in *Keary II* on January 7, 2013, well within the one-year requirement under Rule 60(c)(1). But Plaintiffs' Motion in *Keary II*, while substantively similar, is not the Motion at issue in this matter. Plaintiffs' instant Motion was filed on July 9, 2013. (Docket no. 17.) Therefore, to the extent Plaintiffs raise their arguments under Rule 60(b)(1), the Court should deny their Motion.[5]

---

[4]Plaintiffs make vague references to "evidence that was never produced below," but the evidence to which they seem to be referring is evidence of their attorney's failure to provide them with notice of the Court's Order to Show Cause. (*See* docket no. 24 at 15-16.) This is not the sort of "newly discovered evidence" contemplated under Fed. R. Civ. P. 60(b)(2). *See generally*, Fed. R. Civ. P. 60, Adv. Comm. Notes, 1946 Am, Subd. (b).

[5]The undersigned acknowledges that Plaintiffs are proceeding in this matter pro se, but that does not absolve them from adhering to the Federal Rules. Moreover, in its July 1, 2013 Order in *Keary II*, the Court made a point to note that even though Plaintiffs could file their Motion in *Keary I*, the Court was "not extend[ing] or modify[ing] any deadline established by the Federal Rules of Civil Procedure." *Keary II*, docket no. 32 at 1-2 n.1. The undersigned

5

### 2. Plaintiffs' Motion under Fed. R. Civ. P. 60(b)(6)

Even though Plaintiffs may not raise their argument under Rule 60(b)(1), claims for attorney neglect can arise under Rule 60(b)(6). *See, e.g.*, *Fuller v. Quire*, 916 F.2d 358 (6th Cir. 1990); *see also*, *Valvoline Instant Oil Change Franchising, Inc. v. Autocare Associates, Inc.*, 173 F.3d 857, *3-4 (6th Cir. Jan. 26, 1999) (Table). But relief under Rule 60(b)(6) "for any other reason that justifies relief" is warranted in exceptional or extraordinary circumstances. *McCurry ex. rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir.2002). And in such a matter, the movant "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. V. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). Moreover, in addition to showing that such exceptional or extraordinary circumstances exist, "the court must consider '(1) whether the [non-moving party] will be prejudiced; (2) whether the [movant] has a meritorious [claim or] defense; and (3) whether culpable conduct of the [movant] led to the [judgment].'" *Valvoline Instant Oil Change*, 173 F.3d at *3 (quoting *United Coin Meter Co., Inc. V. Seaboard Coastline Railroad*, 705 F.2d 839, 844-45 (6th Cir. 1983)).

#### i. Extreme or Extraordinary Conduct

The Supreme Court has expressly rejected the argument that a party should not be penalized for an attorney's neglect. *See United States v. Reyes*, 307 F.3d at 456 (citing *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir.1999) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993) ) ("The Supreme Court has expressly rejected a suggestion previously made by this court that 'it would be inappropriate to penalize [the clients] for the omissions of their

---

presumes that the Court was aware that the time for Plaintiff to file a Motion under Rules 60(b)(1) had expired at the time it issued its July 1, 2013 Order.

attorney.'"). Instead, the accepted rule is that the performance of a client's attorney must be taken into account when deciding a motion under Rule 60(b) and "clients must 'be held accountable for the acts and omissions of their chosen counsel.'" *Id*. (citing *Allen v. Murph*, 194 F.3d at 724 ). Nevertheless, "under Rule 60(b)(6), [the Sixth Circuit] focuses on the neglect of [the clients] well as on the neglect of their counsel." *Valvoline Instant Oil Change*, 173 F.3d at *4 (citing *Pioneer Investment Serv. Co. v. Brunswick Assoc Ltd*, 507 U.S. 380, 397 (1993)); *see also Fuller*, 916 F.2d 358.

In *Fuller*, a case similar to the one at hand, the Sixth Circuit held that the district court did not abuse its discretion in granting a motion under Rule 60(b)(6) where the plaintiff's counsel: (i) unbeknownst to the plaintiff, failed to appear at a hearing, causing the district court to dismiss the matter for want of prosecution; and (ii) failed to return phone calls and letters from the plaintiff regarding the progress of the case. *Fuller*, 916 F.3d at 359-61. Here, Plaintiffs allege many of the same facts that the plaintiff alleged in *Fuller*. But as the Court noted when this matter was initially referred to the undersigned in *Keary II*, "the record is undeveloped with regard to the nature and extent of counsel's purported neglect." *Keary II*, docket no. 17 at 3. Thus, the Court recommended that the undersigned hold an evidentiary hearing or otherwise develop the record. *Id.* Even assuming, however, that a fully developed record would support Plaintiffs' request, the Court must still consider the *United Coin Meter* factors. Therefore, the undersigned will consider these factors before attempting to further develop the record.

### ii. Plaintiffs' Culpability

"'To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings.'" *Thompson v. Am. Home Assurance Co.,* 95 F.3d 429, 433 (6th Cir. 1996) (quoting *INVST Fin. Grp., Inc.*

*v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir.1996)). Here, there is no evidence of any reckless disregard for the Court's proceedings by Plaintiffs themselves. To the contrary, while Plaintiffs' attorney may have ignored the Court's Order to Show Cause (docket no. 13), it appears that Plaintiffs continually attempted to prosecute this matter. Indeed, Plaintiffs suggest that they regularly communicated with their attorney and believed that he was moving the matter forward. (*See* docket no. 17 at 13, 15-16, and 18.) Therefore, the undersigned finds that Plaintiffs are not culpable for purposes of the *United Coin Meter* analysis.

### iii. Prejudice to Defendant

A party claiming prejudice must show that granting the Rule 60 motion would "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Valvoline Instant Oil Change*, 173 F.3d at *4 (*citing Davis v. Musler*, 713 F.2d 907, 916 (2nd Cir.1983)). Defendant does not suggest that granting Plaintiffs' Motion will result in any such prejudice. The undersigned agrees.

### iv. Meritorious Claim

To establish a meritorious claim, a movant must show "a hint of a suggestion creating some possibility that the outcome of trial will be contrary to the [existing judgment]." *See Smith v. Comm. of Internal Revenue*, 926 F.2d 1470, 1482 (6th Cir.1991). As in a similar matter heard by this Court, "[t]he very essence of Plaintiff[s'] Rule 60(b)(6) claim is that [their] former counsel failed to respond to Defendant's Motion for Summary Judgment." *See Soto v. Mineta*, No. 01-71244, 2008 WL 4428010 (E.D. Mich. Sept. 30, 2008) (Scheer, M.J.). In *Soto*, Magistrate Judge Scheer noted that the defendant's Motion for Summary Judgment had been determined on the merits, and because the plaintiff had not demonstrated "with specificity that a genuine issue existed for trial," he recommended that the plaintiff's Rule 60 motion be denied. *Id.* Thus, like in *Soto*, the merits of Plaintiffs' claims turn on whether they

can survive Defendant's Motion for Summary Judgment. Unlike in a Motion for Summary Judgment, though, under Rule 60, "[the] party seeking relief from judgment . . . has the burden of proving that she is entitled to such relief." *Garth v. Univ. of Kentucky Med. Ctr.*, 966 F.2d 1452, *1 (6th Cir. June 16, 1992) (Table) (citing *In re Salem Mortgage Co.*, 791 F.2d 456, 459 (6th Cir. 1986)).

Here, however, unlike in *Soto*, the Court did not grant Defendant's Motion for Summary Judgment on its merits; instead, the Court determined that Plaintiffs had abandoned their claims when they failed to respond to Defendant's Motion. (Docket no. 16.) Defendant argues that Plaintiffs "have not identified a single meritorious claim" in their Rule 60 Motion. (Docket no. 22 at 9-10.) In Reply, Plaintiffs raise arguments with regard to their attorney's neglect, procedural due process, the Takings Clause of the U.S. Constitution, their civil rights, and various other legal doctrines. (*See* docket no. 24 at 19-26.) Plaintiffs arguments are largely incoherent, but the undersigned will briefly discuss the merits of Defendant's Motion for Summary Judgment with regard to Plaintiffs' original Complaint.[6]

Plaintiffs allege through their Complaint that Defendants are liable for Breach of Contract (Count I), Fraud (Count II), and violations of the Michigan Consumer Protection Act and the Michigan Consumer Mortgage Protection Act (Count III). (Docket no. 1.) With regard to Count I, Plaintiffs allege

---

[6]"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Fed. R. Civ. P. 56(c)(1). And "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

When the moving party has met its burden under rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002).

9

that Defendant violated the terms of the promissory noted related to Plaintiffs' mortgage when Defendant failed to properly credit their account for payments made in March, April, and May 2009. (Docket no. 1 at 9-10.) With regard to Count II, Plaintiffs allege that Defendants promised to permit a short sale of Plaintiffs' home and then refused to do so. (*Id.* at 10.) With regard to Count III, Plaintiffs allege that Defendant violated the MCPA and MCMPA when it engaged in deceptive practices and coerced Plaintiff to enter into a loan modification. (*Id.* at 10-11.)

Defendant argues that Plaintiffs cannot support their claim in Count I because Defendant properly credited Plaintiffs' account for the March, April, and May 2009 mortgage payments. (Docket no. 9 at 9.) Defendant admits that the payments were placed into a "suspense" account in April and May but notes that the payments were credited after the loan modification agreement was executed in June 2009. (*Id.* (citing docket no. 9-5).) Moreover, Defendant asserts, Plaintiffs incurred no late charges, penalties, or fees of any kind, and therefore, Plaintiffs suffered no damages from the alleged breach. (*Id.*) The undersigned agrees and, therefore, finds that the claims included in Plaintiffs' Count I are not meritorious.[7]

Defendant argues that Plaintiffs cannot support the fraud claims in Count II because "(1) the statute of frauds bars enforcement of an oral promise to approve a financial accommodation such as a short sale; (2) Plaintiffs otherwise fail to plead their fraud claim with the requisite particularity; and (3) there is no genuine issue of material fact on the fraud claim." (Docket no. 9 at 10.) The undersigned agrees. Regardless of Defendant's latter two assertions, Michigan's statute of frauds strictly "preclude[s] *all* actions" "against a financial institution to enforce any of the following promises or commitments of

---

[7]Defendant correctly notes that while Plaintiffs' Count I only includes a claim for Breach of Contract, Plaintiffs' factual allegations allude to a possible claim under the Fair Debt Collection Practices Act for allegedly false reports of late payments to various credit reporting agencies. (*See* docket no. 9 at 10.) Plaintiffs, however, did not make such a claim.

10

the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution: . . . (c) a promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation." Mich. Comp. Laws § 566.132; *Crown Tech. Park v. D&N Bank FSB*, 242 Mich. App. 538, 550 (2000) (emphasis in original). Plaintiffs do not claim that any such writing exists. Thus, Plaintiffs' claims for Fraud fail, and therefore, the undersigned finds that the claims included in Plaintiffs' Count II are not meritorious.

Defendant asserts that Plaintiffs' MCPA claims in Count III fail because the MCPA exempts the lending activities of national banks under the MCPA. (Docket no. 9 at 14.) The undersigned agrees. As noted by Defendant, this Court has previously held that both Michigan courts and federal courts applying Michigan law have consistently held that the MCPA does not apply to claims arising out of residential mortgage loan transactions. *See Changag v. Wells Fargo Bank, N.A.*, No. 10-14648, 2011 WL 672229, *4 (E.D. Mich. Feb. 17, 2011) (Edmunds, J.) (collecting cases). Similarly, Defendant argues that Plaintiffs' MCMPA claim fails because the Act does not provide for a private right of action. (Docket no. 9 at 15-16.) Again, the undersigned agrees. The Act "expressly provides for an enforcement action by the commissioner, § 445.1639, or by the attorney general or county prosecuting attorney, § 445.1640." *Chowdhury v. Aegis Mortg. Corp.*, No. 09-11221, 2009 WL 3270090, at *5 (E.D. Mich. Oct. 9, 2009) (Murphy, J.)). Thus, Plaintiffs' claims under the MCPA and MCMPA fail, and therefore, the undersigned finds that the claims included in Plaintiffs' Count III are not meritorious.[8]

### D.    Conclusion

---

[8]Again, Defendant correctly notes that although not asserted as a claim, the factual allegations included in Count III imply that Plaintiff also alleges a violation of the Real Estate Settlement and Procedures Act. (*See* docket no. 9 at 15.) Defendant argues that Plaintiffs' claim fails because Plaintiffs claim do not explain how Defendant failed to "fully comply" with the Act and how the alleged failure to comply caused any actual damages. (*Id.*) Regardless of Defendant's arguments in support of its position, Plaintiffs did not raise a claim under RESPA, and therefore, the undersigned will not find any such claim meritorious.

For the above-stated reasons, to the extent that Plaintiffs' Rule 60 Motion arises under Rule 60(b)(1), the undersigned recommends denying the same because such a motion is time-barred. Further, to the extent that Plaintiffs' Rule 60 Motion arises under Rule 60(b)(6), the undersigned recommends denying the same without further developing the record. Even if Plaintiffs could show that their attorney's conduct was so exceptional or extraordinary that relief is justified under Rule 60(b)(6), Plaintiffs have not demonstrated that their underlying claims are meritorious. Therefore, the undersigned recommends DENYING Plaintiffs' Motion (docket no. 17). The undersigned further recommends striking Plaintiffs' identical Motion (docket no. 20) as a duplicate filing and dismissing this matter in its entirety.

## III.   Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later

than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: November 19, 2013						s/ Mona K. Majzoub
								MONA K. MAJZOUB
								UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiffs and Counsel of Record on this date.


Dated: November 19, 2013						s/ Lisa C. Bartlett
								Case Manager