UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES KEARY and PENNY
KEARY,

              Plaintiffs,                           Civil Action No.
                                            4:11-cv-15133

vs.

                                              HON. MARK A. GOLDSMITH

U.S. BANK NATIONAL
ASSOCIATION ND,

              Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION DATED NOVEMBER 19, 2013 (DKT. 26),
OVERRULING PLAINTIFFS' OBJECTIONS (DKT. 30), STRIKING PLAINTIFFS'
MOTION PURSUANT TO RULE 60(b) (DKT. 20), DENYING PLAINTIFFS' AMENDED
MOTION PURSUANT TO RULE 60(b) (DKT. 17), AND DENYING PLAINTIFFS'
EMERGENCY MOTION TO STAY STATE COURT ACTION AS MOOT (DKT. 25)**

## I.  INTRODUCTION

This post-judgment matter involves the interplay of two related, but distinct, foreclosure cases filed in this Court.  Plaintiffs James and Penny Keary filed the instant action against Defendant U.S. Bank National Association ND while represented by counsel.  The Court subsequently dismissed the action as a result of Plaintiffs' failure to respond to Defendant's motion for summary judgment and the Court's order to show cause.

Rather than appealing that decision or filing a motion for relief in the instant action, Plaintiffs, acting pro se, filed a new case with a brand new complaint approximately nine months later.  This Court summarily dismissed that action based on res judicata, among other things.  Plaintiffs then filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) in the companion case, but not the instant action.  After that motion was denied,

Plaintiffs filed substantively similar motions in this case. This Court referred the matter to Magistrate Judge Mona K. Majzoub, and, in the interim, Plaintiffs filed an emergency motion to stay an unspecified state court action. The Magistrate Judge ultimately recommended denial of Plaintiffs' motions for relief from judgment. Plaintiffs filed objections to that recommendation and Defendant filed a response. For the reasons discussed below, the Court overrules Plaintiffs' objections, accepts and adopts the Magistrate Judge's Report and Recommendation ("R&R"), denies Plaintiffs' motions for relief from judgment, and denies Plaintiffs' emergency motion for stay as moot.

## II. BACKGROUND

The procedural history of this case is long and troubled, but a detailed recitation is necessary to explain the reasoning behind this decision. Plaintiffs initially commenced this action in state court, claiming that Defendant (1) failed to properly credit certain payments they made pursuant to "various promissory notes"; (2) made fraudulent statements about permitting a short sale; and (3) did not properly comply with Plaintiffs' Qualified Written Request. Compl., Ex. A to Notice of Removal (Dkt. 1) (the instant action hereinafter referred to as "Keary I"). Plaintiffs' complaint alleged three counts: breach of contract, fraud, and a count entitled "§" without any specific statutory designation. Id.[1] Defendant removed the matter to this Court in November 2011. See Notice of Removal (Keary I, Dkt. 1). At that time, Plaintiffs were represented by counsel.

---

[1] The count entitled "§" did claim that some unspecified "transaction" was "governed under the Michigan Consumer Protection Act (MCL § 445.901 et seq.), the Michigan Mortgage Protection Act (MCL § 445.1633), and 12 USC §2605." Compl., ¶ 41. The count did not specify which specific provisions of these statutes Plaintiffs believed were violated. The count did allege, however, that "Defendant failed to fully comply with [Plaintiffs' Qualified Written Request for documents] and thereby intentionally concealed its wrongdoing." Id., ¶¶ 43-44.

The parties, through counsel, filed a joint discovery plan on January 3, 2012 (Keary I, Dkt. 7), and a scheduling conference was held on January 9, 2012.  Three days before the scheduling conference, however, Defendant filed a motion for summary judgment seeking dismissal of all counts (Keary I, Dkt. 9).  Plaintiffs did not respond to the motion within the time permitted under Eastern District of Michigan Local Rule 7.1(e).  Accordingly, the Court issued a show cause order on February 29, 2012 requiring Plaintiffs to "show cause in writing why the claims that are the subject of the pending motion should not be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b)."  2/29/12 Order (Keary I, Dkt. 13).  The Court further warned that

> Should Plaintiff[s] fail to respond to this order, the Court will construe Plaintiff[s'] silence as reflective of a clear intent to abandon the claims that are the subject of the pending motion. Accordingly, in the event Plaintiff[s] do[] not respond to this order, the Court will dismiss the claims that are the subject of the pending motion pursuant to Rule 41(b) with prejudice.

Id.  Plaintiffs did not respond, and the Court dismissed the action with prejudice on March 22, 2012.  See 3/22/12 Order (Keary I, Dkt. 16).

Plaintiffs did not appeal the Court's decision nor did they immediately seek reconsideration or file any form of a post-judgment motion.  Rather, in December 2012, Plaintiffs, proceeding pro se, filed a new action in this Court, captioned James Robert Keary, et al., v. U.S. Bank National Association ND, et al., Case No. 12-15359 (E.D. Mich.) (hereinafter referred to as "Keary II").  Keary II added a new Plaintiff (Dwight Bennett) and a new Defendant (First Mountain Properties, LLC); otherwise, the parties were identical.  It appears that the new parties were added because Bennett had been assigned 50% of Plaintiffs' claims and U.S. Bank had transferred its interest in the subject property to First Mountain.

3

The Court dismissed <u>Keary II</u> on December 18, 2012.  12/18/12 Order (<u>Keary II</u>, Dkt. 3). The Court explained that although Plaintiffs' complaint in <u>Keary II</u> was "largely incomprehensible, it is apparent that the present claims arise out of the same mortgage dispute as at issue in <u>Keary I</u>." <u>Id.</u> at 2.  Therefore, the Court found that res judicata barred Plaintiffs' claims against Defendant U.S. Bank.  <u>Id.</u> at 2-3.  The Court also summarily dismissed Defendant First Mountain without prejudice, finding that even with a liberal construction of the <u>Keary II</u> complaint, the Court "cannot discern the factual basis for any arguable claim against First Mountain." <u>Id.</u> at 3.

Plaintiffs filed various documents in <u>Keary II</u> thereafter, including a "Motion for Rule 60 relief from judgment" (<u>Keary II</u>, Dkt. 7), numerous documents docketed as "REPLY to Judgment" (<u>Keary II</u>, Dkts. 5-6, 8), a "Motion for Reconsideration re Judgment" (<u>Keary II</u>, Dkt. 9), a "Motion to Disqualify Judge" (<u>Keary II</u>, Dkt. 11), and a "Motion pursuant to Rule 60" (<u>Keary II</u>, Dkt. 12).  No similar motions were filed in <u>Keary I</u>.

The Court denied the Motion to Disqualify, 1/22/13 Order (<u>Keary II</u>, Dkt. 14), and referred the "Motion for Rule 60 relief from judgment" to the Magistrate Judge (<u>Keary II</u>, Dkt. 17).[2]  The Court recognized that Plaintiffs' filings were "almost entirely incomprehensible and consist mostly of irrelevant rambling."  1/22/13 Order (<u>Keary II</u>, Dkt. 17).  Nevertheless, the Court discerned that Plaintiffs claimed "that: (i) their attorney in <u>Keary I</u> failed to keep them apprised of the progress of the case, (ii) they did not know of the show cause order issued by the Court after the Kearys failed to respond to the defense motion for summary judgment, and (iii) they did not even know that the case had been dismissed until after the fact." <u>Id.</u>  Accordingly,

---

[2] The Court also instructed the clerk to terminate the remaining motions as duplicative.  1/22/13 Order at 3 n.2 (<u>Keary II</u>, Dkt. 17).

4

the Court instructed the Magistrate Judge to consider whether the purported neglect of Plaintiffs' counsel in Keary I justified relief under Rule 60(b).  Id.

Before the Magistrate Judge issued the R&R on Plaintiffs' Rule 60(b) motion in Keary II, however, Plaintiffs filed an "Amended Motion pursuant to Rule 60(a)(b)" in that same case on March 26, 2013.  See Am. Mot. (Keary II, Dkt. 19).  The Court referred this motion to the Magistrate Judge as well.  3/28/13 Order (Keary II, Dkt. 20).

On June 6, 2013, "[u]pon further reflection," the Court withdrew the reference to the Magistrate Judge, and instead outright denied Plaintiffs' motion for relief.  6/6/13 Order (Keary II, Dkt. 28).  The Court explained that "[t]he motion seeks relief from a judgment entered in another case — [Keary I].  Accordingly, the motion is not properly filed on the docket of the present case."  Id.  The Court further stated that "[s]hould Plaintiffs wish to pursue the relief they currently seek — namely, relief from the judgment entered in [Keary I] — they are granted leave to file an appropriate motion on the docket of that case."  Id.

Rather than immediately filing an appropriate motion in Keary I, however, Plaintiffs filed an amended complaint in Keary II on June 26, 2013.  Am. Compl. (Keary II, Dkt. 29).  Plaintiffs also filed an "AMENDED MOTION pursuant to Rule 60(b)" in Keary II that same day.  Am. Mot. (Keary II, Dkt. 30).  On July 1, 2013, the Court struck the amended complaint and denied the amended motion as procedurally improper.  07/1/13 Order (Keary II, Dkt. 32).  The Court reminded Plaintiffs that that their filing of the motion in Keary II was "not the correct docket sheet on which to file the motion."  Id.  The Court also added in a footnote that

> Plaintiffs have inquired with the Court's case manager as to the deadline by which they must file their motion for relief from judgment.  Plaintiffs are advised that the filing deadline governing motions for relief from judgment is set forth in the applicable Federal Rule of Civil Procedure.  See Fed. R. Civ. P. 60.  By granting leave to file the motion, the Court does not extend or

> modify any deadline established by the Federal Rules of Civil
> Procedure or other provision of law.

Id.

On July 9, 2013, Plaintiffs filed on the <u>Keary I</u> docket sheet the instant "Motion Pursuant to Rule 60(b) Federal Rules of Civil Procedure Relief of Judgment Order Striking Plaintiffs' Amended Complaint and Denying as Procedurally Improper Plaintiff's Motion for Relief from Judgment and Moves in Reconsideration of the Order Dated 7/1/13 for Relief" and "Amended Motion" of the same title (Dkts. 17, 20).[3]   The Court referred the motions to the Magistrate Judge.   7/10/13 Order (<u>Keary I</u>, Dkt. 18); 7/16/13 Order (<u>Keary I</u>, Dkt. 21).   Defendant filed a response to the motions (<u>Keary I</u>, Dkt. 22), and Plaintiffs filed a reply (<u>Keary I</u>, Dkt. 24).

On November 19, 2013, the Magistrate Judge issued her R&R recommending the Court deny Plaintiffs' motions.   The Magistrate Judge began by explaining that, although unclear, Plaintiffs' motions were likely brought pursuant to Federal Rule of Civil Procedure 60(b)(1) or 60(b)(6). R&R at 5 (<u>Keary I</u>, Dkt. 26).   As to the former provision, the R&R noted that there is a one-year time limit on that provision and that Plaintiffs would have needed to file their motion by March 22, 2013 to satisfy this requirement.   Id.   The R&R also recognized that Plaintiffs filed their original Rule 60(b) motion in <u>Keary II</u> within the one-year limit, but that the motion in <u>Keary II</u>, "while substantively similar, is not the Motion at issue in this matter.   Plaintiffs' instant Motion was filed on July 9, 2013."   Id.   The Magistrate Judge also highlighted this Court's

---

[3] It appears that the two motions are identical.   Accordingly, the Court orders the clerk to terminate Plaintiffs' motion (Dkt. 20) as duplicative of the amended motion (Dkt. 17).   The Court will refer solely to the amended motion throughout this decision for ease of reference.

Moreover, to the extent Plaintiffs seek relief from the Court's July 1, 2013 Order in <u>Keary II</u>, the Court notes that, once again, they have filed the motion on the incorrect docket sheet.   To seek relief from an Order in <u>Keary II</u>, they must file their motion on the docket of <u>Keary II</u>. Nevertheless, the Court interprets Plaintiffs' request as seeking relief from the March 2012 dismissal of their action, rather than as challenging the July 1, 2013 Order in <u>Keary II</u> directly.

language in its July 1, 2013 Order in <u>Keary II</u> that, in granting leave to file a Rule 60 motion in <u>Keary I</u>, the Court was "not extend[ing] or modify[ing] any deadline established by the Federal Rules of Civil Procedure." <u>Id.</u> Accordingly, the Magistrate Judge recommended the Court deny any request under Rule 60(b)(1) as time barred.

As for Rule 60(b)(6), the R&R recognized that an attorney's gross neglect can form the basis for relief under this provision in rare cases. <u>Id.</u> at 7-8. Nevertheless, to support such a claim, the Magistrate Judge maintained that one factor the Court must examine is whether "the movant has a meritorious claim or defense." <u>Id.</u> at 6 (brackets omitted) (quoting <u>Valvoline Instant Oil Change Franchising, Inc. v. Autocare Assocs., Inc.</u>, 173 F.3d 857, *3 (6th Cir. Jan. 26, 1999) (Table)). After reviewing the merits of Plaintiffs' claims, the Magistrate Judge concluded that none of Plaintiffs' counts could be sustained. <u>Id.</u> at 9-12. Accordingly, the Magistrate Judge recommended the Court deny Plaintiffs' motions.

Plaintiffs filed objections to the R&R on December 3, 2013 (Dkt. 30), and Defendant filed a response (Dkt. 31).

### III. ANALYSIS

Pursuant to 28 U.S.C. § 636(b)(1), a district judge may refer motions to a magistrate judge. Parties are provided fourteen days to file written objections to the magistrate judge's proposed findings and recommendations. "A judge of the court shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." <u>Id.</u> A court does not need to review de novo those portions of the R&R to which no objection is made. <u>See</u> <u>Lardie v. Birkett</u>, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); <u>see also</u> Fed. R. Civ. P. 72.

Plaintiffs have identified ten "objections" to the R&R.  At the outset the Court notes that although all of the objections lack merit for the reasons described below, Objections 1, 2, 9 and 10 are wholly devoid of any substantive argument or explanation.  Those objections provide, in full:

- **Objection 1:**   On page 2 of the Report the Magistrate states "the undersigned recommends DENYING Plaintiffs' motion (docket no. 17).  The remedy suggested is not warranted by the Pleadings, the discovery produced in the actions by all the parties[], case law or statute.

- **Objection 2:** On page 2 the Magistrate states "Plaintiffs filed their pro se Complaint [in] Keary II, raising (what appear to be) the same claims as those raised in Keary I."  This is factually incorrect, additionally Plaintiffs have attached their proposed Amended Complaint alleging several viable causes of action.

- **Objection 9:**   On page 12 of the Report the Magistrate States "Further, to the extent that Plaintiffs' Rule 60 Motion arises under Rule 60(b)(6), the undersigned recommends denying the same without further developing the record."

- **Objection 10:**   On page 12 of the Report the Magistrate states ". . . Plaintiffs have not demonstrated that their underlying claims are meritorious.  Therefore, the undersigned recommends DENYING Plaintiffs' Motion (docket no. 17).  The undersigned further recommends striking Plaintiffs' identical Motion (docket no. 20) as a duplicate filing and dismissing this matter in its entirety."

Pls.' Objections (Dkt. 30).

It is well established that "[a] general objection to the entirety of a magistrate's report has the same effects as would a failure to object."  Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); see also Drew v. Tessmer, 36 F. App'x 561 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirements of specific objections and is tantamount to a complete failure to object.").  "[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) (citing Howard, 932 F.2d at 509).

8

Here, the four objections identified above contain no substantive argument; instead they simply challenge the Magistrate Judge's conclusions and recommendations without any specific explanation for the basis of disagreement.  Objections 9 and 10 are a direct recitation of the Magistrate Judge's recommendations without any argument attached.  Similarly, Objections 1 and 2 generally fault the Magistrate Judge's conclusions as "factually incorrect" or "not warranted," without identifying any specific legal or factual citations undermining those conclusions.  Accordingly, the Court overrules Objections 1, 2, 9, and 10.  See Meier v. Green, No. 07-11410, 2009 WL 388040, at *1 (E.D. Mich. 2009) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.").

The Court addresses the remaining objections in turn.

## A.  OBJECTION 3

Objection 3 reads as follows:

> On page 5 of the Report the Magistrate states "Plaintiffs do not specifically indicate under which subsection their Motion arises, but by its nature, it must arise under either subsection 60(b)(1) or 60(b)(6)."  This is factually and legal[ly] incorrect, relief in this action can be brought under 60(b)(1), 60(b)(4), 60(b)(5), and 60(b)(6).

Pls.' Objections at 2.

At the outset, the Court notes that the Magistrate Judge's analysis covered Federal Rules 60(b)(1) and 60(b)(6).  Therefore, Plaintiffs' objection presumably is that the Magistrate Judge did not consider Rules 60(b)(4) and (5) as well.

Nevertheless, the Court concludes that this objection is not well taken.  It appears that Plaintiffs did refer to both Rules 60(b)(4) and 60(b)(5) in their motion.  See Pls.' Br. at 3 (Keary I, Dkt. 17).  But Plaintiffs fail to explain how either Rule 60(b)(4) or (5) would apply to the

factual situation before the Court. Although their motions are a collection of phrases that largely result in incoherent and irrelevant argument, it appears that the basis for Plaintiffs' motions is that their counsel purportedly failed to inform them of Defendant's motion for summary judgment, the show cause order, or the dismissal of the action. See Pls.' Br. at 2-3 (Keary I, Dkt. 17). In other words, they claim that their counsel's culpable conduct led to the dismissal of the action, and that Plaintiffs should not be held responsible for this neglect.

The Court notes that some claims for relief based on attorney neglect have been analyzed under Rule 60(b)(6). See, e.g., Fuller v. Quire, 916 F.2d 358 (6th Cir. 1990); see also Travelers Cas. and Sur. Co. of Am. v. J.O.A. Const. Co., Inc., 479 F. App'x 684, 695-696 (6th Cir. 2012) (collecting cases). However, Plaintiffs have identified no cases in their objections applying Rules 60(b)(4) or (5) where a party claims their counsel was neglectful. Nevertheless, the Court will consider Plaintiffs' allegations of attorney culpability in analyzing their claim for relief under Rules 60(b)(4) and (5).

> **i.      Rule 60(b)(4)**

Federal Rule of Civil Procedure 60(b)(4) allows a Court to "relieve a party . . . from a final judgment, order, or proceeding" when "the judgment is void." The Supreme Court has interpreted this provision narrowly, as providing relief only when there is a "jurisdictional error" or a "violation of due process." See United States Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."). Plaintiffs do not claim a jurisdictional error. Rather, Plaintiffs argue that their "due process rights were violated when the Defendant and the Court failed to serve upon the Plaintiff[]s the ORDER OF DISMISSAL as required under the due-

process and equal protection of the 5th Amendment to the Constitution of the United States." Pls.' Br. at 2-3.

At the time the Court issued its show cause order in February 2012 and the order of dismissal in March 2012, Plaintiffs were represented by counsel.  Plaintiffs had not terminated counsel's representation, or, if they had done so, they had not notified the Court of this termination.  Nor had Plaintiffs notified the Court of any troubles they may have been having with counsel's representation, such as non-responsiveness.  Indeed, Plaintiffs' counsel consented to a joint discovery plan on January 3, 2012 and participated in a scheduling conference on January 9, 2012.  Plaintiffs' counsel also filed a witness list on March 1, 2012 — after the Court issued its show cause order but before the Court dismissed the case.  Therefore, when the Court issued its show cause order and order of dismissal in February and March respectively, it sent notice to Plaintiffs' counsel.  See 2/29/12 Order at 2; Order of Dismissal at 2.

It is true that, in the context of a party seeking relief from a default judgment, courts have held that "[o]ne denial of due process under Rule 60(b)(4) is improper service of process."  See United States v. Plesco, No. 97-74042, 2012 WL 1867442, at *4 (E.D. Mich. May 4, 2012) (internal quotation marks and citation omitted).  Plaintiffs have identified no authority, however, stating that a court, unaware of any difficulties a party may be having with its retained counsel, violates the party's due process rights by serving counsel rather than the party directly.  Nor is the Court aware of any such authority.  Cf. Fed. R. Civ. P. 5(b) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.").   Accordingly, although Plaintiffs' issues with counsel may be raised pursuant to Rule 60(b)(6), as the Magistrate Judge suggested, they do not form the basis for a "due process" claim under Rule 60(b)(4) here.

### ii.      Rule 60(b)(5)

As for Rule 60(b)(5), that provision permits relief from a judgment, order, or proceeding if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."  Although Plaintiffs detail the purposes behind this provision, see Pls.' Br. at 3, 6-7, Plaintiffs fail to clearly explain how or why this provision applies to their case.  Accordingly, Plaintiffs have not met their burden of showing entitlement to relief under Rule 60(b)(5).  See Thomas v. Thistledown, Inc., No. 1:05-cv-02138, 2006 WL 3483953, at *1, n.1 (N.D. Ohio Nov. 30, 2006) ("Plaintiff's single-paragraph argument addressing Rule 60(b)(5), asserts that exceptional or extraordinary circumstances exist, and targets previous counsel's alleged 'gross neglect and abandonment' of Plaintiff.  The Court, therefore, believes that Plaintiff meant to invoke Rule 60(b)(6) and analyzes the motion under that subsection.").

## B.  OBJECTION 4

Objection 4 reads as follows:

> On page 5 of the Report the Magistrate states "Thus, to be timely, Plaintiffs were required to file their Rule 60 Motion no later than March 22, 2013."  This is legally incorrect under 60(b)(4), (5) and (6) there is no time limit in which the Motion must be filed.  "A motion under Rule 60(b)(6) must be made within a reasonable time."  Lal v. California, 610 F.3d 518 (9th Cir. 2010).

Pls.' Objections at 2.

The Court agrees with Plaintiffs that a motion filed pursuant to Federal Rules 60(b)(4), (5), and (6) must be filed within a "reasonable time," rather than being subject to a strict one-year bar.  Federal Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than one year after the entry of the judgment or order or date of the proceeding."  Accordingly, Plaintiffs are correct that motions

12

brought pursuant to Rules 60(b)(4), (5), and (6) must be filed within a "reasonable time," and are not necessarily subject to the absolute one-year bar placed on motions brought pursuant to Rules 60(b)(1), (2), or (3), so long as more than one year remains "reasonable."  See Bobbitt v. Acad. of Court Reporting, Inc., No. 07-10742, 2012 WL 1363304, at *2 (E.D. Mich. Apr. 19, 2012) ("Although a motion for relief from an order under Rule 60(b)(6) need not be brought within a year of the order, it still must be made within a reasonable time." (quotation marks and citation omitted)); Soto v. Mineta, No. 01-71244, 2008 WL 4428010, at *7 (E.D. Mich. Sept. 30, 2008) ("A motion under Rule 60(b)(6) must be filed within a 'reasonable time,' and is not subject to the one year limitation applied to claims for relief under Rule 60(b)(1) (2), and (3)." (citing Olle v. The Henry and Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990))).

Plaintiffs are mistaken, however, in their interpretation of the R&R.  The Magistrate Judge did not recommend that the Court find that Plaintiffs' motions were time barred in their entirety.  Rather, she recommended the Court find that the motions were time barred to the extent they relied on Rule 60(b)(1).  See R&R at 12 ("[T]o the extent that Plaintiffs' Rule 60 Motion arises under Rule 60(b)(1), the undersigned recommends denying the same because such a motion is time-barred.").  Indeed, the Court notes that in analyzing the merits of Plaintiffs' motion to the extent it was brought pursuant to Rule 60(b)(6), the Magistrate Judge impliedly recommended the Court find that the motion was brought within a reasonable amount of time under that provision.  Accordingly, the Court overrules Plaintiffs' Objection 4 because the Magistrate Judge's recommendation of the one-year time bar only applied to the extent Plaintiffs' motion arose under Rule 60(b)(1).  See Fed. R. Civ. P. 60(c)(1).

## C.  OBJECTION 5

13

Objection 5 reads as follows:[4]

> On page 5 of the Report the Magistrate states "Plaintiffs filed their Rule 60 Motion in Keary II on January 7, 2013, well within the one-year requirement under Rule 60(c)(1).  But Plaintiffs' Motion in Keary II, while substantively similar, is not the Motion at issue in this matter."  This position taken by the Magistrate is legally inequitable and is not supported by existing Court Rules and Cases [sic] law when the Court is called upon to review the filings of pro se litigations.  Pursuant to Rule 15(c) the Court is permitted to view the "Keary I Motion" as an amendment to "Keary II" which would [r]elate back to the Motion filed on January 7, 2013, within the one year period.

Pls.' Objections at 3.

As described earlier, the Court dismissed Plaintiffs' complaint with prejudice in Keary I on March 22, 2012.  Approximately nine months later, Plaintiffs filed a new complaint in a separate action — Keary II — which the Court summarily dismissed in December 2012.  Plaintiffs subsequently filed a motion pursuant to Rule 60 in Keary II in January 2013, but did not file anything in Keary I.  Indeed, Plaintiffs did not file a post-judgment motion in Keary I until July 2013, approximately 16 months after the initial dismissal.  Accordingly, the Magistrate Judge recommended the Court find that Plaintiffs could not seek relief pursuant to Rule 60(b)(1), which contains a one year limitation, for their late-filed motion in Keary I.  R&R at 5.

Plaintiffs raise two issues with the Magistrate Judge's recommendation via Objection 5.  First, Plaintiffs argue that they should be held to a less stringent standard as pro se litigants.  Second, Plaintiffs claim that Federal Rule of Civil Procedure 15(c) permits the Court to relate the

---

[4] The Court finds that Objection 8 is duplicative of Objections 4 and 5.  Objection 8 reads: "On page 12 of the Report the Magistrate states 'For the above-stated reasons, to the extent that Plaintiffs' Rule 60 Motion arises under Rule 60(b)(1), the undersigned recommends denying the same because such a motion is time-barred[.]'  Plaintiffs' Rule 60 motion is not time-bar[r]ed."  See Pls.' Objections at 4.  As described, Objection 4 argues the motion was not time barred under Rules 60(b)(4), (5), and (6), while Objection 5 argues the motion was not time barred under Rule 60(b)(1).  Accordingly, the Court overrules Objection 8 as duplicative.

July 2013 motion in <u>Keary I</u> back to the January 2013 motion filed in <u>Keary II</u>, thereby making the motion in <u>Keary I</u> timely filed under Rule 60(b)(1).

As for Plaintiffs' first argument, they are correct that the Sixth Circuit has recognized that "<u>pro</u> <u>se</u> litigants are held to less stringent standards in their drafting of pleadings (which presumably require some degree of legal training)."   <u>See</u> <u>Kante v. Detroit Newspaper Agency</u>, No. 07-13615, 2008 WL 2949229, at *2 (E.D. Mich. July 29, 2008).   On the other hand, the Sixth Circuit also has recognized that the Supreme Court "has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."   <u>Id.</u> (citing <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) and <u>In re G.A.D., Inc.</u>, 340 F.3d 331, 335 (6th Cir. 2003)).   Therefore, while Plaintiffs are held to a less stringent standard when analyzing the drafting of their legal pleadings, they are not excused from procedural mistakes — such as filing a motion for relief on the incorrect docket.

Plaintiffs, even proceeding <u>pro</u> <u>se</u>, are required to follow the Federal Rules of Civil Procedure and are held to those Rules' bounds, including that a motion brought pursuant to Rule 60(b)(1) must be filed within one year "after the entry of the judgment or order."   <u>See</u> <u>In re G.A.D., Inc.</u>, 340 F.3d at 335.   Here, Plaintiffs filed their first Rule 60(b) motion in <u>Keary II</u> less than a month after the Court's dismissal of their new complaint in that action.   Clearly, then, Plaintiffs understood the applicable rules for seeking relief following an unfavorable decision. However, Plaintiffs only filed their motion in <u>Keary II</u>.   If Plaintiffs had wanted relief in <u>Keary I</u>, they could have simultaneously filed a motion in the instant action, but they did not do so.

In line with the Sixth Circuit's standards, this Court made clear in <u>Keary II</u> that while it would be lenient with Plaintiffs as <u>pro</u> <u>se</u> litigants, it would not ignore, modify, or extend any deadlines set by the Federal Rules.   In its June 6, 2013 Order withdrawing the reference in <u>Keary</u>

<u>II</u> and denying Plaintiffs' motion as procedurally improper, the Court noted that "[s]hould Plaintiffs wish to pursue the relief they currently seek — namely, relief from the judgment entered in [<u>Keary I</u>] — they are granted leave to file an appropriate motion on the docket of that case." 6/6/13 Order (<u>Keary II</u>, Dkt. 28). After Plaintiffs misfiled their motion in <u>Keary II</u> again, the Court re-admonished Plaintiffs that "they must file their motion for relief from judgment on the docket sheet of the case from which they are seeking relief from judgment." 7/1/13 Order (<u>Keary II</u>, Dkt. 32). The Court clarified, however, that "[b]y granting leave to file the motion, the Court does not extend or modify any deadline established by the Federal Rules of Civil Procedure or other provision of law." <u>Id.</u> In other words, the Court was willing to be lenient with Plaintiffs when it came to the "reasonable time" inquiry under Federal Rule 60(b)(4), (5), or (6). The Court was not, however, extending the one-year limitation set by the Rules for motions brought pursuant to Rules 60(b)(1), (2), or (3). Indeed, Federal Rule of Civil Procedure 6(b)(2) expressly forecloses the Court's ability to do so: "A court must not extend the time to act under Rule[] . . . 60(b)."

Plaintiffs next argue that their motion in <u>Keary I</u> was timely filed based on Federal Rule 15's relation back provision. Pursuant to Federal Rule of Civil Procedure 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Plaintiffs claim that their July 2013 motion in <u>Keary I</u> should be considered an amendment that "relates back" to their January 2013 motion in <u>Keary II</u>, thereby making it timely filed within the one-year window.

The Court disagrees for two reasons. First, Rule 15 is limited to amendments "to a pleading." Courts have read this provision narrowly, concluding that the "pleadings" referenced

in Rule 15 are only those listed in Federal Rule of Civil Procedure 7: a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if the court orders, a reply to an answer.  Motions are not included within this definition of "pleadings."  See Gaiters v. City of Catoosa, No. 03-0425, 2006 WL 1525965, at *2 (N.D. Okla. May 30, 2006) ("The Tenth Circuit does not allow a party to file an amended Rule 60(b) motion in an attempt to relate back to an earlier motion, in order to avoid the one year time limitation of Rule 60(b)."); JGB Enters., Inc. v. United States, 71 Fed.Cl. 468, 471 (Ct. Fed. Claims 2006) (collecting cases holding that an amendment to a Rule 60(b) motion does not relate back under Rule 15(c)); see also 11 Wright, Miller, & Kane, Federal Practice and Procedure, § 2866 (3d ed. 2001) ("Because a Rule 60(b) motion is not a pleading, it also is not subject to amendment under Rule 15.").  Indeed, to allow such a relation back would "violate the unqualified directive in Rule 6 that the court '[must] not extend the time [to act] under Rule[] . . . 60(b).'"  See Sorbo v. United Parcel Serv., 432 F.3d 1169, 1177 (10th Cir. 2005).

Second, even if Rule 15 applied, Plaintiffs have identified no authority — and the Court is aware of none — holding that a motion filed on one docket should be construed as an amendment to a motion filed on the docket of a separate case.  Nor do Plaintiffs identify any authority holding that the mistaken filing of a Rule 60(b) motion in one case tolls the time to file a similar motion in the proper case.  Accordingly, the Court overrules Plaintiffs' Objection 5.

## D.  OBJECTIONS 6 and 7

Objections 6 and 7 concern the Magistrate Judge's recommendation that the Court find that Plaintiffs have not asserted meritorious claims for breach of contract (Count I) and fraud

(Count II).[5]  To support a claim for relief under Rule 60(b), the movant must show that he or she has a meritorious claim or defense, among other things.  See C & L Ward Bros., Co. v. Outsource Solutions, -- F. App'x --, 2013 WL 6247356, at *2 (6th Cir. Dec. 3, 2013) ("Courts consider three factors assessing a Rule 60(b) motion: (1) culpability for the adverse judgment, (2) prejudice to the opposing party, and (3) whether the underlying claim or defense is meritorious."); see also Soto, 2008 WL 4428010, at *12 ("If Soto had no valid defense to Defendant's motion i.e., no 'genuine issue as to any material fact,' [the allegedly neglectful party] could not have defeated the motion in any event.  That is precisely why a showing of a meritorious claim or defense is an essential element of a Rule 60(b)(6) claim."); Ahmed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir. 1997) ("[A] 60(b)(6) movant must make a suitable showing that the movant has a meritorious claim."); Murray v. District of Columbia, 52 F.3d 353, 355 (D.C. Cir. 1995) ("It has long been established that as a precondition to relief under Rule 60(b), the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture."); 11 Wright, Miller, & Kane, Federal Practice and Procedure, § 2857 (3d ed. 2001) (noting that for Rule 60(b) motions, courts "have prevented the needless protraction of litigation by requiring the moving party to show a good claim or defense").  As the Magistrate Judge noted, "[t]o establish a meritorious claim, a movant must show a hint of a suggestion creating some possibility that the outcome of trial will be contrary to the existing judgment."  Id. at 8 (citing Smith v. Comm'r of Internal Revenue, 926 F.2d 1470, 1482 (6th Cir. 1991).

_____

[5] Plaintiffs do not object to the Magistrate Judge's conclusion that Plaintiffs must show a meritorious claim to support a motion brought pursuant to Rule 60(b)(6).  Nor do Plaintiffs specifically object to the Magistrate Judge's recommendation that the Court find that Plaintiffs have not stated a meritorious statutory-based claim (Count III).

With respect to Plaintiffs' claim for breach of contract (Count I), the Magistrate Judge concluded that while Defendant did place the subject payments into a "suspense" account in April and May, these payments were credited properly after the loan modification agreement was executed in June 2009.  Id. at 10.  The Magistrate Judge also noted that "Plaintiffs incurred no late charges, penalties, or fees of any kind, and therefore, Plaintiffs suffered no damages from the alleged breach."  Id.

In regards to Plaintiffs' fraud claim (Count II), the Magistrate Judge concluded that Michigan's statute of frauds precluded this cause of action.  Id. at 10-11.  The Magistrate Judge noted that Mich. Comp. Laws § 566.132 bars all actions "against a financial institution to enforce [certain] promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution," but that "Plaintiffs do not claim that any such writing exists."  Id.

Plaintiffs' Objection 6 provides, as follows:

> On page 6 of the Report the Magistrate states "The undersigned agrees and, therefore, finds that the claims included in Plaintiffs' Count I are not meritorious."  This position is legally and factually incorrect as more fully set forth in Plaintiffs' Brief In Support of Their Objections.  Rule 60(b). First, the rule is remedial in nature and thus must be liberally applied. Community Dental Services v. Tani, 282 F.3d 1164 (9th Cir. 2002).  The difficulty in drawing a line between gross negligence — which is not chargeable to the client — and ordinary negligence or neglect — which is — does not discourage us from establishing the former circumstances as a ground for relief. . . . Having held that an attorney's gross negligence may constitute extraordinary circumstances under Rule 60(b)(6), we now proceed to apply this rule to the case at hand.

Pls.' Objections at 3.  Plaintiffs' Objection 7 similarly provides, as follows:

> On page 11 of the Report the Magistrate states "Thus, Plaintiffs' claims for Fraud fail, and therefore, the undersigned finds that the claims included in Plaintiffs' Count II are not meritorious."  This position is legally and factually incorrect as more fully set forth in Plaintiffs' Brief In Support of Their Objections.  Additionally, "The district court found that

> Seaboard did not have a meritorious defense. We disagree. In determining whether a defaulted defendant has a meritorious defense likelihood of success is not the measure. Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." United Coin Meter v. Seaboard Coastline RR, 705 F.2d 839 (1983).

Id.

Defendant responds that "Plaintiffs fail to make any argument why any of their underlying claims against U.S. Bank would likely be meritorious." Def.'s Resp. at 4 (Dkt. 31).

The Court has reviewed "Plaintiffs' Brief In Support of their Procedural History; Analysis and Conclusions and Recommendations of the Magistrate Judge," which they claim explains why their claims for breach of contract and fraud have merit. Like the documents before, the brief is largely incoherent and scattered in thought. What is clear, however, is that the brief makes no attempt to explain or support the claims for breach of contract or fraud as described in the original complaint. The brief does not mention the alleged payments that formed the basis for the original breach of contract claim, nor does it mention the purportedly fraudulent statements referenced in the original complaint regarding Defendant's alleged promise to permit a short sale when it had no intention of doing so. Instead, the brief reads more like a new complaint, containing new allegations concerning TARP funds, HAMP requirements, and loan modification requests, as well as new claims for negligence and equity. Indeed, the brief's section entitled "Breach of Contract" merely provides, in full, as follows:

> Plaintiffs[] and the Defendant entered into a valid contract for the review of the foreclosure process began by the Defendant. If Plaintiffs' Motion is not granted Plaintiffs[] will not receive the benefit of their bargain. The essential elements of a valid contract are the following: (1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." Hess v. Cannon Twp., 265 Mich. App. 583 (2005), quoting Thomas v. Leja, 187 Mich. App. 418, 422 (1991).

20

Pls.' Objections Br. at 8.  Relying on new or modified claims, however, is not permitted to support a Rule 60(b) motion.  See Sultaana v. Bova, No. 1:12-cv-3117, 2013 WL 5507298, at *2 (N.D. Ohio Oct. 2, 2013) ("Rule 60(b) does not permit parties to . . . raise new claims that could have been raised during the litigation of the case or in the initial complaint.").

Plaintiffs fail to explain why their original claims for breach of contract and fraud have any merit.  While Plaintiffs outline the standards to be applied (i.e., that an attorney's gross negligence may constitute "extraordinary circumstances" under Rule 60(b)(6) and that likelihood of success is not determinative of merit) and refer to new allegations that Plaintiffs hope to sustain, Plaintiffs fail to provide any explanation why the Magistrate Judge's recommendations based on the underline original complaint were incorrect.  Accordingly, the Court overrules Plaintiffs' Objections 6 and 7.

## IV. CONCLUSION

For the foregoing reasons, the Court accepts and adopts the Magistrate Judge's R&R (Dkt. 26), overrules Plaintiffs' objections (Dkt. 30), denies Plaintiffs' amended motion for relief (Dkt. 17), strikes Plaintiffs' motion for relief (Dkt. 20), and denies Plaintiffs' emergency motion to stay state court action (Dkt. 25) as moot.

SO ORDERED.


Dated:  January 27, 2014                       s/Mark A. Goldsmith
        Flint, Michigan                        MARK A. GOLDSMITH
                                               United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 27, 2014.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager